

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
05/30/2014

| | | |
|---|---|---|
| IN RE: | § | |
| CAROL H. LING, DON L. LING | § | CASE NO: 13-36967 |
| Debtor(s) | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

On January 14, 2014, Thomas McLaughlin, Marilyn McLaughlin, and their son filed an Objection to Debtors' Claim of Exemption. (Case No. 13-36967, ECF No. 13). The McLaughlins' Objection is overruled.

### Background

Prior to filing for bankruptcy, Carol and Don Ling, sued their neighbors, Mr. and Mrs. McLaughlin, in an attempt to acquire a portion of the McLaughlins' land through adverse possession. (Meeting of Creditors' Transcript at 8). The McLaughlins won on summary judgment, and the court awarded the McLaughlins a $45,000 judgment for their attorney's fees. *Id.* at 22.

Mr. and Mrs. Ling were granted a discharge in their chapter 7 bankruptcy case on March 7, 2014. (ECF No. 23). Mr. and Mrs. Ling claimed their entire 37.41 acre property as exempt homestead property on their Schedule C. (ECF No. 1 at 14).

The Court held a hearing on the McLaughlins' Objection on March 6, 2014. Mrs. Ling testified that the 37.41 acre property consists of three separate, contiguous tracts of land.[1] Exhibit 1 from the hearing is a survey of the boundary lines for each tract owned by the Lings and their neighbors' adjoining properties. The Lings' home is located on a 4.69 acre tract of land, which is adjoined by a 15.07 acre tract of land to the southeast. On the other side of a

---

[1] At the Meeting of the Creditors, Mrs. Ling stated that the 37.41 acre property is made up of four separate parcels. She clarified at the hearing that she was mistaken and that in fact there are only three tracts of land.

county road, Jack Rabbit Lane, the Lings own a 17.7 acre tract of land.[2] Jack Rabbit Lane separates the Lings' property so that the 15.07 acre tract and the 4.69 acre tract are located to the southeast of the road and the 17.7 acre tract is located to the northwest of the road.

In 1994, the Lings purchased the 15.07 acre tract and the 4.69 acre tract. The 15.07 acre tract is in Mr. Ling's name, and the 4.69 acre tract is in Mrs. Ling's name. The Lings' house is located on the 4.69 acre tract. It is undisputed that (i) the Lings are entitled to homestead protection on the 4.69 acre tract and (ii) the 15.07 acre tract is contiguous to the 4.69 acre tract. At the hearing, Mrs. Ling stated that the Lings had a small farming operation on these tracts until 2006. She also testified that they actively hunt deer hunt on these tracts.

In 2002, the Lings bought the 17.7 acre tract. Mrs. Ling testified that they picked wild grapes and berries on the 17.7 acre tract. She also stated that they unsuccessfully attempted to farm on some meadow areas located on this tract.

Mrs. Ling testified that when they purchased the 17.7 acre tract of land, Robertson County held an easement over Jackrabbit Lane. According to Mrs. Ling, in 2004 the Lings agreed to expand Robertson County's easement from .192 acres to .5 acres so that the County could build a two-lane bridge on Jackrabbit Lane. The Lings assert that they own the land underneath the road and that Robertson County only possesses an easement. This testimony was not disputed by the McLaughlins.

### Standard for Establishing Homestead Exemption

Under Texas law, a claimant may establish homestead rights in his land by showing (i) overt acts of homestead usage and (ii) the intention on the part of the owner to claim the land as a homestead. Once the claimant has made a prima facie case in favor of homestead status, the

---

[2] Mrs. Ling testified that this tract was 18.2 acres, but the Robertson County Appraisal District records indicate that the tract was in fact 17.711 acres. The precise size is not relevant to this opinion.

objecting party has the burden of demonstrating that the homestead rights have been terminated. Fed. R. Bankr. P. 4003.  A rural homestead may consist of "not more than 200 acres, which may be in one or more parcels, with the improvements thereon." Tex. Prop. Code Ann. § 41.002(b).

When the debtor actually resides on the property, "a court generally need not investigate intent… because that is 'the most satisfactory and convincing evidence of intention.'" *PaineWebber Inc. v. Murray,* 260 B.R. 815, 822–823 (E.D. Tex. 2001).  When a party is claiming rural homestead protection on a separate tract of land from where they live, that "uninhabited property must be used in connection with the home tract for the comfort, convenience, or support of the family."  *In re Webb*, 263 B.R. 788, 792 (Bankr. W.D. Tex. 2001).  However, courts have distinguished separate tracts that are not contiguous from separate tracts that are contiguous.  *Painewebber Inc. v. Murray*, 260 B.R. 815, 830 (E.D. Tex. 2001).  In *Painewebber*, the court explains the significance of this distinction:  "With a contiguous tract, one can logically extend the establishment of a home and the activities pertaining to the home to the outer boundaries of that tract. Only an imaginary line separates the residence tract from the contiguous property. Hence, there is a presumption that such a tract is used for the purposes of a home. With a noncontiguous tract, more than an artificial boundary separates it from the home." *PaineWebber, Inc. v. Murray*, 260 B.R. 815, 830 (E.D. Tex. 2001).

The court in *In re Mitchell* further explains the policy reasons for presuming that contiguous tracts are used for purposes of the home:

> Although never explicitly stated, there appears to be a presumption that land contiguous to the homestead under Texas law is used for the purposes of a home. The reasoning behind this distinction between contiguous and non-contiguous rural tracts, although not clear and unstated, can easily be seen and justified for policy reasons. First, although homestead laws are to be liberally construed, their purpose is not to protect the claimant's land, but rather his homestead, i.e., his residence. Where the tracts are not adjacent to the residential tract they cannot said to be used "for the purposes of a home" in any immediate sense, so it is

>additionally required that they further the purposes of the home by being used in a manner consistent with economic needs or for the convenience or comfort of the home.

*In re Mitchell*, 132 B.R. 553, 565-66 (Bankr. W.D. Tex. 1991)(internal citations omitted).

For determining whether a contiguous tract is eligible for homestead protection, courts have held that supportive acts conducted on one tract are presumptively extended to separate, contiguous tracts. *PaineWebber, Inc. v. Murray*, 260 B.R. 815 (E.D. Tex. 2001). For a non-contiguous tract, a claimant must demonstrate that the tract supports the home.

The McLaughlins do not dispute that the Lings are entitled to homestead protection for the 4.69 acre tract where their home is located. The McLaughlins request that the Court sustain their objection to the 15.07 acre tract and the 17.7 acre tract of land. (ECF No. 13 at 4).

## Analysis

Before discussing whether the activities on each of the two tracts at issue are sufficient for homestead protection, the Court must first determine whether each tract is contiguous to the 4.69 acre tract where the Lings reside. The McLaughlins do not dispute the Lings' contention that the 15.07 acre tract and the 4.69 acre tract are contiguous.

The McLaughlins do argue that 17.7 acre tract is not contiguous to the 4.69 acre tract because they are separated by the county road. For the reasons set forth below, the Court finds that the 17.7 acre tract is also contiguous to the 4.69 acre tract. Accordingly, the Court finds that the homestead character of the 4.69 acre tract presumptively extends to each of these contiguous tracts.

## Contiguous Tracts

Contiguous means "touching at a point or along a boundary; adjoining." Black's Law Dictionary (9th ed. 2009). In *In re Schott*, the court stated that for two tracts of land to be

contiguous, they must be adjoining, which requires that they touch or have physical contact at some point. *In re Schott*, 449 B.R. 697, 702 (Bankr. W.D. Tex. 2011). If a county road is standing between two tracts of land, that road may constitute an intervening object that prevents the tracts of land from having physical contact with each other, rendering the land not contiguous. *Id*. at 702-03. However, several courts have found parcels of land to be contiguous for purposes of a rural homestead when a road bisects the land if the county possesses an easement and the property owner holds title to the land underneath the road. *See Int'l & G.N.R. Co. v. Boles*, 161 S.W. 914 (Tex. Civ. App. 1913)(concluding that "because the property owner still held title to the land over which the right of way passed (the county merely possessed an easement), the parcels were, in fact contiguous."); *See also Youngblood v. Youngblood,* 124 Tex. 184, 76 S.W.2d 759 (Tex.1934)(concluding that land on one side of a road used by the public was contiguous to land on the other side of the road where title to the land over which the road passed was held by the owner of the adjoining lands). The court in *In re Schott* distinguished those cases and held that the property was not contiguous because the debtor did not own the land beneath the road that bisected his property. *In re Schott*, 449 B.R. 697, 703 (Bankr. W.D. Tex. 2011).

     The Court finds that the 17.7 acre tract is contiguous to the 4.69 acre tract. Mrs. Ling testified that the Lings have always owned the land underneath the road. She explained that when they purchased the 17.7 acre tract of land, Robertson County held an easement across Jackrabbit Lane. In 2004, the Lings merely agreed to expand the width of the easement from .19 acres to .5 acres so that the county could build a bridge. This testimony was not disputed by the McLaughlins. Accordingly, the Court finds that the 17.7 acre tract is contiguous to the 4.69 acre tract.

### Eligibility for Rural Homestead Protection

The McLaughlins have not disputed that the Lings are entitled to homestead protection on the 4.69 acre tract where their home is located. Because both of the disputed tracts (the 15 acre tract and the 17.7 acre tract) are contiguous to the 4.69 acre tract, the Court will presume that they are used for purposes of the home. Accordingly, the Lings are entitled to rural homestead protection for the entire 37.41 acre tract.

Alternatively, if the two disputed tracts were not contiguous, the Lings have independently established that each tract is eligible for rural homestead protection. For non-contiguous tracts to qualify as part of a rural homestead, one of the tracts must be used as a residence and the other tract(s) must be used for the "comfort, convenience or support of the family." *See In re Schott*, 449 B.R. 697, 702 (Bankr. W.D. Tex. 2011); *See also In re Perry*, 345 F.3d 303, 318 (5th Cir. 2003)(if part of rural property is noncontiguous to property on which the home is situated, then, to constitute part of the homestead, the separate land must be "used principally for the purposes of a home"); *In re Baker,* 307 B.R. 860, 863 (Bankr.N.D.Tex.2003)("If the party claiming rural homestead protection resides on a separate tract of land, the uninhabited property must be used in connection with the home tract for the comfort, convenience, or support of the family."); *In re Webb,* 263 B.R. 788, 792 (Bankr.W.D.Tex.2001) ("Both the express language of § 41.002(b) and the case law make it clear that property separated from the tract where the residence is located, to be included in a rural homestead, must be 'used for home purposes.'").

Permissible acts of homestead usage that meet the standard of "comfort, convenience, or support of the family" vary. *See In re Schott*, 449 B.R. 697, 702 (Bankr. W.D. Tex. 2011). Most courts have held that activities like cultivating crops, pasturing livestock, or chopping wood are

sufficient to show that the land is used to support the family. *Id*. In *Perry*, the Fifth Circuit noted that separate property has been considered as part of the homestead in cases where the owner has indicated use of the land as a pasture, garden, horse lot, or a playground for children in the family, as long as it was used in connection with the residence. *Perry v. Dearing (In re Perry)*, 345 F.3d 303, 318 (5th Cir. Tex. 2003). It is not required that the tract be used to economically support the family. *Painewebber Inc.* 260 B.R. at 828.

Mrs. Ling testified that the Lings have conducted the activities on the 15.07 acre tract including (i) a small farming operation before Mr. Ling got sick in 2006; (ii) hunting deer; (iii) gathering firewood for the house. These activities are for the "comfort, convenience, or support of the family."

Mrs. Ling testified that the Lings have used the 17.7 acre tract to (i) pick wild grapes, berries and pears to turn into jam, (ii) maintain a vegetable garden, (iii) gather firewood, and (iv) farm (unsuccessfully) some meadow areas in the past. These activities are consistent with the requirement that the property be used for the "comfort, convenience, or support of the family." "Homesteads are favorites of the law, and are liberally construed by Texas courts." *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003). Most Texas courts have held that activities like cultivating crops and chopping wood are sufficient to show that the land is used to support the family. Some courts have even held that using separate property as a as a pasture, garden, horse lot, or a playground for children is sufficient. The Fifth Circuit in *In re Perry* stated that the Court is "obligated to interpret Texas homestead laws equally broadly in order to effectuate their purpose of protecting the family home…" *In re Perry*, 345 F.3d 303, 316 (5th Cir. 2003). Although the Lings' current activities on these two tracts are not pervasive, they are minimally sufficient under Texas Homestead law. Accordingly, even if the Court assumes that these two tracts are not

contiguous to the 4.69 acre tract, each tract is independently eligible for rural homestead protection.

### The McLaughlins' Abandonment Argument

The McLaughlins suggested that the Lings have somehow abandoned their homestead rights on these two tracts because their current use of the land is far more sporadic than in previous years. Once homestead status has been created, it can only be terminated by total abandonment, which can only be satisfied by the owner's death, abandonment or alienation. *In re Schott*, 449 B.R. at 707. Abandonment requires the owner to voluntarily vacate the property with the intent to *never* return. *Id*.

In this case, the McLaughlins have not demonstrated that the Lings have abandoned their homestead rights. Although the tracts are no longer used for productive farming, Mrs. Ling testified she currently hunts deer and picks grapes, berries and pears on these tracts. The Lings' sporadic use of these two tracts is insufficient evidence to establish total abandonment. Accordingly, the McLaughlins' Objection is overruled.

### Conclusion

The Court will enter an Order consistent with this Memorandum Opinion.

SIGNED **May 30, 2014.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE